**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 14, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

QINGHUA ZHANG; STEVEN CRAIG
HEILAND,

     Plaintiffs - Appellants,

v.

FEDERAL HOME LOAN BANK OF
TOPEKA,

     Defendant - Appellee.

No. 24-3029
(D.C. No. 5:19-CV-04073-TC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.
_____

Qinghua Zhang and Steven Heiland appeal from a jury verdict rejecting their claims and the district court's denial of their motion for a new trial.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Zhang and Heiland's notice of appeal and the jurisdictional statement in their brief indicate that they appeal from the denial of a new trial.  But because their brief makes no argument separately directed to that ruling, we do not further address it.

## I. Background

Zhang and Heiland sued their former employer, Federal Home Loan Bank of Topeka (FHLB), alleging FHLB terminated them in retaliation for whistleblowing and that Zhang's termination was motivated by racial discrimination.[2]  They brought claims of retaliation and discrimination in violation of Title VII of the Civil Rights Act of 1964 and for common law retaliatory discharge.  The case went to trial and the jury returned a verdict for FHLB on all claims.  The district court then denied Zhang and Heiland's motion for a new trial.  They appeal.

## II. Discussion

### A.    Failure to Instruct the Jury on Pretext

Zhang and Heiland first argue for reversal because the district court did not instruct the jury that if it disbelieved FHLB's stated reasons for terminating them it could conclude those reasons were a pretext for racial discrimination.

"When considering a party's challenge to jury instructions, our initial inquiry is whether the party properly preserved [the] issue for appeal by objecting at the district court level to the instruction[s] on the same grounds raised on appeal." *Reed v. Landstar Ligon, Inc.*, 314 F.3d 447, 452 (10th Cir. 2002) (internal quotation marks omitted).

---

[2] The district court's order denying FHLB's motion for summary judgment described the factual background and claims in greater detail that we need not repeat here.  *See Zhang v. Fed. Home Loan Bank of Topeka*, No. 19-4073-SAC, 2021 WL 1664338, at *3–11 (D. Kan. Apr. 28, 2021).

Zhang and Heiland did not preserve their claim of error. To adequately object to the district court's decision not to give a requested instruction, a party "'must do so on the record, stating distinctly the matter objected to and the grounds for the objection.'" *First Am. Title Ins. Co. v. Nw. Title Ins. Agency*, 906 F.3d 884, 894 (10th Cir. 2018) (quoting Fed. R. Civ. P. 51(c)(1)). "'[A] proper request for a jury instruction is not alone enough to preserve the right to appeal [the] failure to give the instruction. The request must be renewed by objection.'" *Id.* (quoting Fed. R. Civ. P. 51 advisory committee's note to 2003 amendment).

Although Zhang and Heiland submitted their proposed pretext instruction, "it is not enough simply to tender an instruction." *First Am.*, 906 F.3d at 894. After the district court filed its proposed instructions, Zhang and Heiland filed written objections that did not object to the omission of their requested pretext instruction. And they do not claim that they either renewed their request for the pretext instruction or objected to its omission during the conference at which the district court finalized jury instructions. They therefore did not preserve their right to appeal the district court's decision not to give their proposed pretext instruction. *See id.*

Because the argument was not preserved, we review only for plain error. *Id.* at 895. To warrant reversal, Zhang and Heiland would need to show "(1) error, (2) which is plain, (3) which affects substantial rights, (4) and which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Although they assert that the district court plainly erred, Zhang and Heiland do not argue how they meet this standard. In particular, they do

3

not develop any argument addressing the third plain-error requirement, or even mention the fourth. Even if we agreed that the district court plainly erred, which is doubtful, they have not offered a sufficient basis for reversal on this unpreserved claim of error. *See In re Rumsey Land Co., LLC*, 944 F.3d 1259, 1271 (10th Cir. 2019) ("If an appellant does not explain how its forfeited arguments survive the plain error standard, it effectively waives those arguments on appeal.").

**B.    Exclusion of Severance Offers Under Federal Rule of Evidence 408**

Zhang and Heiland also seek reversal because the district court excluded from evidence proposed severance packages in which FHLB offered them certain pay and benefits if they released their claims against FHLB and gave up the right to sue. The district court excluded evidence of these offers under Federal Rule of Evidence 408, which generally makes inadmissible evidence of an offer to compromise a disputed claim, or conduct during compromise negotiations, when offered "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."

We review evidentiary rulings for an abuse of discretion and "will not reverse unless the challenging party shows that the ruling was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." *Rural Water Dist. No. 4 v. City of Eudora*, 659 F.3d 969, 975 (10th Cir. 2011) (internal quotation marks omitted).

Zhang and Heiland do not dispute that the severance offers were inadmissible under Rule 408(a). But they argue the district court should have allowed them under

4

the exception provided by Rule 408(b), which states that a court "may" admit evidence of compromise offers "for another purpose." Zhang and Heiland contend the severance offers were admissible to show that FHLB's stated reasons for their terminations were pretextual. Specifically, they contend FHLB had a policy that made employees in their positions ineligible to receive severance packages if they were terminated for misconduct. They therefore argue that the fact FHLB *did* extend the offers to them shows its stated reasons for their terminations (including insubordination and violation of email policies) were a pretext.[3]

The district court did not abuse its decision by not allowing Zhang and Heiland to admit the severance offers for "another purpose" under Rule 408(b). At most, the exception *permitted* the district court to allow this evidence but did not require it to do so. The district court concluded the severance proposals reflected an offer to compromise the claims being tried and indicated its concern that admitting them would be cumulative of other evidence bearing on the allegedly pretextual nature of FHLB's stated reasons for terminating Zhang and Heiland. As Zhang and Heiland themselves emphasize, "considerable evidence of pretext [was] presented at trial."

---

[3] Zhang and Heiland also argue the district court should have allowed evidence that they rejected the severance offers to show they acted in good faith when reporting unlawful conduct, as is relevant to their retaliatory discharge claims. *See Goodman v. Wesley Med. Ctr., L.L.C.*, 78 P.3d 817, 821 (Kan. 2003) (to prevail on a retaliatory discharge claim, "the employee must prove that any whistleblowing was done in good faith . . . rather than for a corrupt motive like . . . personal gain"). But the jury expressly found Zhang and Heiland *did* act in good faith. So any error in not allowing the evidence on this basis would not warrant reversal. *See Stroup v. United Airlines, Inc.*, 26 F.4th 1147, 1168 (10th Cir. 2022) ("[W]e . . . may not grant relief if the district court's error was harmless." (internal quotation marks omitted)).

Aplts' Opening Br. at 12.  The district court was not required to also allow introduction of the otherwise inadmissible severance offers to further support their pretext arguments.  *See Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987) (stating that "when the issue [of whether to allow evidence offered "for another purpose" under Rule 408(b)] is doubtful, the better practice is to exclude evidence of compromises or compromise offers").

### III. Conclusion

We affirm the district court's judgment and its denial of the motion for a new trial.

Entered for the Court

Gregory A. Phillips
Circuit Judge